# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| JASON BARKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17cv00160-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Mr. Barker has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which he could perform despite his impairments. (Tr. 31-43.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-seven years old.  (Tr. 53.)  He is a high school graduate (*id.*) and has past relevant work as a medication technician and forklift operator.  (Tr. 41.)

The ALJ[1] found Mr. Barker met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 33.)  He has "severe" impairments in the form of hypertension, obesity, gout, atrial fibrillation, obstructive sleep apnea, degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the left knee, depression, migraine headaches, and chronic venous insufficiency of the lower extremities.  (Tr. 33-34.)  The ALJ further found Mr. Barker did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. Tr. 34.)

The ALJ determined Mr. Barker had the residual functional capacity to perform a reduced range of light work given his physical and mental impairments.  (*Id*.)  Given his residual functional capacity, the ALJ determined Mr. Barker could no longer perform his past relevant work.  (Tr. 41.)  So the ALJ utilized the services of a vocational expert to determine if jobs

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

existed that Plaintiff could perform despite his impairments.  (Tr. 64-67.)  Based on the expert's testimony, the ALJ concluded Mr. Barker could perform the jobs of marking clerk and basic production assembler.  (Tr. 42.)  Accordingly, the ALJ determined Mr. Barker was not disabled.  (Tr. 43.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

The critical issue in this case is whether the ALJ rightly discounted the opinions of Plaintiff's treating physician, Douglas L. Maglothin, M.D.  (Doc. No. 14 at 14-21.)  Dr. Maglothin has been Plaintiff's treating physician since 2014.  He completed a Medical Source Statement – Physical, whereby he reported that Mr. Barker's impairments cause extreme limitation and require him to miss work at least one day a month.  (Tr. 614-615.)  Dr. Maglothin also completed a migraine headache form (Tr. 447) and provided a letter which concluded, "In my opinion it is very unlikely that he will ever be able to return to work."  (Tr. 14.)  If fully credited, Dr. Maglothin's opinions would likely mean that no jobs existed in significant numbers in the national economy that Plaintiff could perform and he was disabled.

The ALJ considered this evidence and gave only the migraine headache form any weight.  (Tr. 40.)  The ALJ gave little weight to Dr. Maglothin's other opinions as they were not supported by the objective medical evidence in the record.  (*Id.*)

Plaintiff correctly argues his treating doctor should generally be given deference.  But after a close review of the record, I find the ALJ could properly discount Dr. Maglothin's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

3

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id.*  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Maglothin's conclusions.  As the ALJ points out, "Dr. Maglothin identified an MRI study in support of several exertional and non-exertional limitations.  However, the lumbar MRI study dated August 5, 2015, which reflected 'very mild degenerative changes,' sharply contrasted with Dr. Maglothin's opinion that the claimant is limited to standing and walking for less than two hours and would require frequent rest periods."  (Tr. 40.)  I agree with ALJ on this point.  The August 5, 2015, MRI significantly undermines Dr. Maglothin's opinions. (Tr. 572.)   I do note that Dr. Maglothin's treatment records report a "gait problem" on May 1, 2015.  (Tr. 545.)  But there simply is no credible or objective evidence to support Plaintiff's allegation that he is incapable of all forms of work.

And although Dan Gardner, M.D., and Patricia McCarron, M.D., reviewed only the medical evidence and did not have the benefit of examining Mr. Barker, their opinions that Plaintiff was capable of performing work activities constitute substantial evidence upon which the ALJ could rely.  (Tr. 41, 90-92, 127-129.)

Mr. Barker has a long list of impairments and clearly suffers from some degree of pain and limitation.  But I find the ALJ adequately accounted for the combination of these impairments with his calculation that Plaintiff could perform a reduced range of light work.  (Tr. 36.)  The

4

overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the light exertional level.

Plaintiff had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff's counsel has done an admirable job advocating for Plaintiff.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE